Hartley agt. Tatham.

# NEW YORK SUPERIOR COURT.

JOSEPH W. HARTLEY, appellant agt. BENJAMIN TATHAM and WIFE, impleaded, &c., respondents.

The *assignee* of a mortgage takes it subject to *all equities* existing in favor of the *mortgagor*, or *of any person who succeeds to his estate*, at the time of the assignment. (*See S. C.* 24 *How. Pr. R.* 505.)

Therefore, where the assignee of a contract for work and labor, which the *mortgagee* of the premises had agreed with the assignor of the contract to allow on the mortgage, when completed, and the assignee having also acquired the title of the mortgagor to the mortgaged premises:

*Held,* that although the mortgagee had assigned the mortgage, the assignee of the premises and the owner of the debt due upon the contract could not only require the mortgagee, while he held the mortgage, but his assignee afterwards, to deduct the amount of such debt from the mortgage.

And such assignee and owner is not *estopped* from asserting such equity, by reason of his immediate grantor of the premises having *assumed the mortgage for the whole amount and agreed to pay it.* There being no covenant by the grantee which would run with the land and bind those who succeeded to his estate, it was a mere personal obligation, implied by the acceptance of the deed, and upon which an assumpsit could be raised in favor of the holder of the mortgage. The owner of the premises, at the time of the foreclosure of the mortgage, stands in no relation of *surety* in respect to the mortgage debt, and cannot in any way be affected by the purely *personal obligation of his grantor.*

Besides, the doctrine of *estoppel* does not apply to such a case, because the deed to the owner's immediate grantor, in which the payment of the whole mortgage was assumed, was executed and delivered before the *contract for the work and labor with the mortgagee was made,* when the whole mortgage debt was due. This equity arose afterwards; and the plaintiff having purchased the mortgage *after this equity accrued,* took it subject thereto.

*New York General Term, December,* 1863.

MONCRIEF, ROBERTSON and MONELL, *Justices.*

THIS action was for the foreclosure of a mortgage, and was tried by a justice of this court, without a jury.

On the 30th of May, 1860, Michael Cunningham executed and delivered the mortgage in question to Samuel W. Dunscomb, to secure the payment of the sum of fifteen hundred dollars, part of the purchase money for the conveyance of the same premises by Dunscomb to him on the same day. On the first of June of the same year, Cunningham conveyed the same premises to James J. Smith,

subject to the mortgage which Smith assumed and agreed to pay. On the 26th of January, 1862, Smith conveyed the premises to the defendant Tatham, subject to the same mortgage. The latter conveyance contained no assumption of the mortgage, nor any agreement on the part of Tatham to pay the same. On the 23d of April, Dunscomb, the mortgagee, agreed to sell eight lots of land (including the premises afterwards mortgaged by Cunningham) to one Higgenson, he, Higgenson, agreeing to erect thereon eight dwelling-houses; the conveyance to be delivered when the houses were completed, subject to $5,500 of mortgage. Subsequently, in March, 1861, Higgenson assigned this agreement, with the consent of Dunscomb, to one Arment, he, Dunscomb, agreeing to convey the eight lots and houses to Arment when the plumbing work was finished. In the fall of the same year, Arment agreed with Dunscomb to do certain work in the Beekman Hill chapel, which Dunscomb was then building, Dunscomb agreeing to pay Arment therefor by deducting the amount from the $1,500 mortgage from Cunningham to him. The plumbing work was done, and the amount thereof ($490.03) was certified and agreed to by Dunscomb.

At the time of the conveyance by Smith to Tatham, which was done by request of Arment, he agreed to assign to Tatham, and subsequently, on the 3d of May, 1862, did assign to Tatham his interest in the agreement between Dunscomb and Higgenson, and also his claim against Dunscomb for the plumbing work upon the chapel, and his agreement in respect thereto.

On the 13th of May, 1862, Dunscomb assigned the $1,500 mortgage (mortgage in suit) to the plaintiff.

On the 9th of July, 1862, Tatham tendered to the plaintiff the balance of principal and interest due on the mortgage after deducting the $490.03, the amount of the plumbing bill on the chapel, and also the costs of the suit, which was refused.

The conclusions of law from the foregoing facts were :

*First*. That the sum of $490.03, for work, &c., done in the Beekman Hill chapel, under the agreement between Dunscomb and Arment, was a payment *pro tanto* on the mortgage.

*Second*. That such payment must be applied to the interest, and being so. applied there was no interest due at the commencement of the suit.

*Third*. That by force of the several agreements, and the assignments and conveyance to Tatham, he was substituted in the place of the mortgagor and of Arment, with all their rights.

*Fourth*. That the tender by Tatham to the plaintiff of the balance of principal and interest due, extinguished the lien of the mortgage.

A judgment was entered in conformity with these conclusions, from which the plaintiff appealed.

D. M. PORTER, *for appellant.*
A. CLARKE, *for respondent.*

By the court, MONELL, Justice. The assignee of a mortgage takes it subject to all the equities existing in favor of the mortgagor, or of any person who succeeds to his estate, at the time of the assignment (24 *How. Pr. R.* 505); and hence, Tatham's right to require the application of the plumber's bill towards the payment of the mortgage was as perfect as if Dunscomb had continued the owner of the mortgage. Tatham, by the assignment from Arment to him, succeeded to all the rights of Arment under his agreement with Dunscomb, and could have required Dunscomb, while he held the mortgage, or his assignee, afterwards, to deduct the amount of the plumbing work from the mortgage. It operated, therefore, as a payment *pro tanto*, and left only the balance due on the mortgage.

The mortgage, by its terms, was not payable until the

30th of May, 1863 ; but it contained a provision that, if default was made in the payment of interest, the whole principal shall, at the option of the mortgagee, become immediately due and payable.

The plaintiff, in his complaint, elected to have the principal due, and the defendant had then the right, although after suit brought, to tender the amount of principal and interest due, and such tender, and a refusal to receive it, would extinguish the lien of the mortgage. (*Kortright* agt. *Cady*, 21 *N. Y. R.* 368.)

It is objected that Tatham is estopped from asserting the equity derived under the assignment from Arment, inasmuch as his immediate grantor had assumed the mortgage for the whole amount, and agreed to pay it.

The general rule in respect to estoppels by deed is, that a man shall not be permitted to make any averment which contradicts the record of which he is a party. In other words, that he shall be concluded by the admissions in the deed to which he is a party. Hence, the grantee is estopped by the admissions of the grantor in the deed.

This rule, however, is not of uniform application, and it is unavailing except as between the immediate parties and privies of blood or estate. To a stranger it is wholly unavailable. (*Jackson* agt. *Bradford*, 4 *Wend. R.* 619 ; *Jewell* agt. *Harrington*, 19 *id.* 471.)

In *Jewell* agt. *Harrington*, the deed conveyed the premises " subject, nevertheless, to the right of dower of Cloe Jewell, who was the widow of Samuel Nash, deceased, who was the former proprietor of the above described premises," and the court held the grantee was not estopped from contesting the plaintiff's claim for dower. They say the plaintiff is not privy to the deed in any way, but a stranger who had no interest or concern with it.

The only effect of the assumption of the mortgage by Smith was to make him surety for Cunningham, the mortgagor, and he became personally liable for the payment of

the debt of the latter to the holder of the mortgage. (*Halsey* agt. *Reed,* 9 *Paige R.* 446 ; *Russell* agt. *Piston,* 7 *N. Y. R.* [3 *Seld.*] 171.)   There was no covenant by the grantee which would run with the land and bind those who succeeded to his estate.   It was a mere personal obligation, implied by the acceptance of the deed, and upon which an assumpsit could be raised in favor of the holder of the mortgage.

Even if Smith, who had assumed the mortgage, had been the owner of the premises at the time of this foreclosure, he would not be estopped by the recital in his hands.   As Dunscomb, the mortgagee, was not bound by them, Smith would not be ; for there must be reciprocity to render an estoppel available.   (*Lansing* agt. *Montgomery,* 2 *Johns. R.* 382.)   But there is nothing in the assumption by Smith which binds his grantee.   The defendant Tatham stands in no relation of surety in respect to the mortgage debt, and cannot in any way be affected by the purely personal obligation of his grantor.

There is, however, another reason why the doctrine of estoppel does not apply to this case.   The deed from Cunningham to Smith, which recites the mortgage, and which, it is claimed, should operate as an estoppel, was executed and delivered before the agreement between Dunscomb and Arment, respecting the plumbing work, was made. At that time the whole amount of the mortgage was secured and unpaid, and it was proper for Cunningham to sell subject to, and for Smith to assume, the whole mortgage.   The equity which was transferred to Tatham arose afterwards.   The agreement with Arment for the plumbing work, and the performance of it by Arment, was after the assumption by Smith of the mortgage, and while Dunscomb was the holder of it.

It is clear, therefore, that in the hands of Dunscomb the plumber's bill would have been a good set-off against the

mortgage, either by Smith, had he taken the bill, or by Tatham, who did take it.

The plaintiff purchased the mortgage after all this took place, and he took it subject to these equities, which in my opinion were not defeated nor extinguished by the subsequent transfer of the mortgage to the plaintiff.

My conclusions are, that Tatham, having received, by transfer, the bill for plumbing work performed by Arment, under his contract with Dunscomb, could require its application as payment *pro tanto* on the mortgage, and that the tender of the balance due on the mortgage, and the refusal of the plaintiff to receive it, extinguished the lien of the mortgage.

The conclusion of the learned justice was therefore correct, and the judgment should be affirmed, with costs.